# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 01-2931

RONNIE W. CARROLL,

*Plaintiff-Appellant,*

v.

DALE R. YATES, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 97 C 940—**J. Phil Gilbert**, *Judge.*

_____

ARGUED JANUARY 12, 2004—DECIDED APRIL 2, 2004

_____


Before POSNER, EASTERBROOK, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* More than six years ago Ronnie Carroll, an Illinois state prisoner, brought suit in federal district court under 42 U.S.C. § 1983 against prison guards who, he charged, had inflicted cruel and unusual punishment on him in violation of his Eighth Amendment rights. The district court dismissed the suit on the ground that Carroll had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). He had in fact pursued his prison grievance procedures up to the top level, the prison's Administrative

Review Board, 20 Ill. Admin. Code § 504.850, which denied his appeal as "moot" (without reaching the merits) because it had been advised by a guard that Carroll had "refused to appear before the Administrative Review Board on the above date," the date on which the board had met to consider his appeal.

Carroll then filed this lawsuit, appending to his complaint the board's decision, including the notation that we just quoted. In moving to dismiss the suit, the defendants (the state, we'll call them) argued that by failing to appear in person before the board, Carroll had failed to exhaust his administrative remedies. He responded with an affidavit which stated that he had been unaware that the board had wanted him to appear in person before it. He said that out of the last 75 (!—the *last* 75) grievances that he had filed, the board had turned down 74 without asking him to appear. Nevertheless the district court granted the motion to dismiss, stating that Carroll had not presented "the Court with any credible evidence (or with any evidence at all) that he was unaware of the ARB hearing" and in any event had not denied receiving "a copy of the ARB panel's meeting minutes, in which the panel stated that Carroll refused to appear and in which the panel stated that it considered his grievance moot." The first quoted passage is mistaken; Carroll did present evidence, namely his affidavit, which was better evidence than the hearsay evidence of the guard who reportedly told the board that Carroll had "refused" to attend its meeting. The second passage is irrelevant because the denial of Carroll's grievance on the ground of mootness was as definitive as if the grievance had been denied on the merits; the fact that the denial was communicated to him did not detract from its finality.

The state acknowledges that there is no statutory or other rule requiring a grievant to appear in person before the

board on pain of being deemed to have failed to have exhausted his remedies. If there were such a rule, violation of it would indeed be a failure to exhaust administrative remedies. *Riccardo v. Rausch*, 359 F.3d 510, 512-13 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); contra, *Thomas v. Woolum*, 337 F.3d 720, 732-33 (6th Cir. 2003). (This would be obvious if the violation were deliberate.) But such a rule would be absurd; it would hamstring the board, which, as Carroll's own experience attests, usually turns down appeals without interviewing the grievant. Would the board really have liked having Carroll appear before it in person 75 times?

The power granted the board to "call witnesses or examine records at its discretion," 20 Ill. Admin. Code § 504.850(d), authorizes it to require the grievant's appearance, and if he refuses he will have failed to have exhausted his remedies, *Ford v. Johnson*, No. 01-3709, 2004 WL 574995, at *1 (7th Cir. Mar. 24, 2004), because exhaustion presupposes cooperation with any authorized requirements imposed by the administrative bodies whose procedures must be exhausted. *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003); *Rann v. Chao*, 346 F.3d 192, 196-97 (D.C. Cir. 2003); *Martinez v. Department of U.S. Army*, 317 F.3d 511 (5th Cir. 2003); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). Except for *Ford*, these are not prisoner exhaustion cases; but the principle is the same. You cannot refuse to comply with the procedures for exhaustion yet claim to have exhausted. But we do not know whether Carroll *was* ordered to appear. On this record, the best evidence is that he was not, for the guard didn't submit an affidavit to contradict Carroll's affidavit.

The state makes the fantastic argument that by appending the board's decision, with its recitation that Carroll had

"refused" to appear before the board, to his complaint, Carroll vouched for the truth of the recitation and therefore pleaded himself out of court. According to the state, *all* facts contained in *any* attachments to a complaint "are [automatically] deemed facts alleged as part of [the] complaint." And so the "fact" that Carroll had refused to attend the board's meeting was a fact "stated in his complaint," and he could not amend his complaint in his brief; he could not contradict "his complaint's allegation that he refused to appear" before the board.

He had appended the board's decision not in order to vouch for the truth of the statements in it, but to show that he had exhausted his administrative remedies. Although a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," Fed. R. Civ. P. 10(c), dismissal on the basis of facts in that instrument is proper only if the plaintiff relies upon it "to form the basis for a claim or part of a claim," *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002), which of course, he was not doing here. The logic of the state's argument is that an appellant, required by the appellate rules to append to his brief the decision of the district court or administrative agency that he is appealing, Fed. R. App. P. 30(a)(1)(C); 7th Cir. R. 30(a), by doing so kills the appeal because appending amounts to vouching for the truth of the propositions in the appended decision.

The argument if accepted would do wonders for our workload, but is beyond nonsensical and unworthy of the office of the Attorney General of Illinois. As is the statement in its brief that Carroll presented no evidence of his version of the facts, when actually he submitted an affidavit and the state did not. These are unprofessional lapses. The state is ordered to show cause within 14 days why it should not be sanctioned for the frivolous argumentation in its brief.

As for the judgment, it is reversed, and the case re-manded.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*