# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-2882

A.M., a minor,

*Petitioner-Appellee*,

v.

JERRY BUTLER, Superintendent of
the Illinois Youth Center,

*Respondent-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 5625—**Rebecca R. Pallmeyer**, *Judge*.

———————

SUBMITTED MARCH 16, 2004—DECIDED APRIL 22, 2004

———————

Before EASTERBROOK, DIANE P. WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* In our March 2, 2004, decision resolving this case, we reprimanded attorney Lisa A. Hoffman for failing to include, in an appendix to her main brief (or in a separate appendix), the opinion of the Appellate Court of Illinois which was the centerpiece of this appeal. Including that opinion in the brief was required by Circuit Rule 30. Our decision went on to ask attorney Hoffman to show cause "why she should not be fined $1,000 . . . ." She has filed a timely response to our order.

The brief that we questioned was filed on November 25, 2002, during the tenure of the former attorney general of Illinois. For that reason, in addition to the response from Ms. Hoffman, a response has been filed by Lisa Madigan, the new attorney general of Illinois. After reviewing the two submissions, we discharge, for the reasons that follow, the order to show cause without imposing a fine.

An intent to deceive the court is not a precondition to imposing a monetary sanction against an attorney for violating Rule 30, but its absence is certainly a factor we consider, along with others, in deciding how best to proceed. In that regard, we are convinced that Ms. Hoffman did not willfully omit including the Illinois Appellate Court opinion from her brief. The fact that the omission was not willful also means, of course, that it didn't occur for any deceptive or strategic purpose.

Furthermore, we note that Ms. Hoffman has no record of violating court rules and has, in fact, performed capably in other cases. *See Henderson v. Briley*, 354 F.3d 907 (7th Cir. 2004); *Searcy v. Jaimet*, 332 F.3d 1081 (7th Cir. 2003); *Terry v. Martin*, 120 F.3d 661 (7th Cir. 1997). We also note that in her career as a public lawyer (first as an assistant, later as a supervising attorney in the Criminal Appeals Division of the office of the Attorney General of Illinois, and now as a member of the staff of the DuPage County State's Attorney's Office) she has earned the respect of her colleagues and courtroom adversaries.[1]

For these reasons, we chalk up the violation of Rule 30 in this case to a simple mistake. Although our original opinion still stands as a public censure, a fine of $1,000, or some

---

[1] A "highly diligent, professional, skilled and dedicated lawyer," says Joel D. Bertocchi, the former solicitor general of Illinois, in a letter representative of others we have received.

lesser amount, is not, in our view, necessary to make amends for Ms. Hoffman's error. The order to show cause is DISCHARGED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*