**Gregory MADEJ, Petitioner–Appellee,**

**v.**

**Kenneth R. BRILEY, Warden, Stateville Correctional Center, Respondent–Appellant.**

**No. 04–1760.**

United States Court of Appeals, Seventh Circuit.

Decided May 28, 2004.

Marc R. Kadish (submitted a brief), Mayer, Brown, Rowe & Maw, Chicago, IL, for petitioner–appellee.

Marie Quinlivan Czech (submitted a brief), Office of the Cook County State's Attorney, Criminal Appeals Division, Chicago, IL, for respondent–appellant.

Before POSNER, EASTERBROOK, and ROVNER, Circuit Judges.

PER CURIAM.

Recently we held that Gregory Madej is entitled to the new sentencing hearing provided by the district court's writ of habeas corpus, which the State of Illinois has yet

to implement even though it dismissed its appeal with prejudice in November 2002. Represented by both the Attorney General of Illinois and the State's Attorney of Cook County, the warden of Madej's prison has filed a document styled a petition for rehearing. The caption is mistaken, because the warden does not seek a modification of our judgment. (This means that the time to implement, or seek certiorari from, our decision is not affected by this "petition for rehearing.") What the state actually wants is that we amend our opinion, which it describes as erroneous in two respects.

One of the two points is well taken. Our opinion used "natural-life imprisonment" in a technical sense—in Illinois it means prison for the rest of one's life without possibility of parole—and "life imprisonment" loosely as equivalent to any lengthy term. A person convicted of a single murder in Illinois may receive one of three sentences: a term of years (minimum 20, maximum 60), natural-life imprisonment, or capital punishment. See 730 ILCS 5/5–8–1(a)(1). The point of our earlier opinion is that Madej remains eligible for a sentence less than natural life, which is why an opportunity to be resentenced has value to him. To avert any confusion, we have amended our opinion to make it clear that this lower option entails a sentence to a term of years.

By contrast, the state's other point reflects either gross misunderstanding or wilful disregard of constitutional law and the obligations created by a federal court's order. Our opinion criticized the state for failing to implement the district court's writ during the 20 months and counting since its issuance. We wrote:

> Illinois should count itself lucky that the district judge did not hold the warden (or perhaps the prosecutor) in contempt of court. The district judge ordered the state to act by November 25, 2002, yet to this day the order has not been carried out. It is irrelevant that the state believes the order ineffectual. It is for the federal judiciary, not the Attorney General of Illinois, to determine the force of such orders, and even erroneous directives must be obeyed while they are outstanding. See *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 439–40, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976).

Illinois asks us to delete this language, relating that it had not complied with the district court's order because Madej's lawyer requested a continuance of the resentencing and, before the time came to act, the Supreme Court of Illinois entered an order that "all judicial proceedings in the circuit courts of Illinois that may result in the resentencing of any of the defendants-respondents in *People ex rel. Madigan v. Snyder* ... are stayed pending disposition of the petition for writ of mandamus in *People ex rel. Madigan v. Snyder*". That litigation was the attempt by the Attorney General of Illinois to upset the pardons and commutations of death sentences issued by former Governor Ryan in January 2003. Madej had received a commutation (from capital punishment to natural-life imprisonment) and thus was among the defendants-respondents to whom the state court's order referred.

■ Reliance on this order demonstrates that the Attorney General of Illinois and the State's Attorney of Cook County either do not comprehend, or do not take seriously, their obligations under the Supremacy Clause of the Constitution. No state court can countermand an order, issued by a federal court, implementing the Constitution of the United States. Illinois is free to manage its internal affairs as it pleases. The litigation in *People ex rel. Madigan v. Snyder* concerned the sta-

tus of the pardons and commutations as a matter of Illinois law; it was sensible not to resentence these defendants (or to execute them, either) while the validity of the Governor's acts was in question. The obligation to resentence Madej, however, did not come from the commutation or any other aspect of state law or practice. Prompt resentencing is required, the district court had held, by the Constitution of the United States.

■ Faced with conflicting orders—one issued by a federal court to implement the Constitution, and the other issued by a state court as a matter of state practice— the Attorney General of Illinois and the State's Attorney of Cook County preferred the latter over the former. This inverts the priority prescribed by the Constitution. In May 2003, when Madej's lawyer began to protest the state's inaction, Illinois still did nothing. It would have been easy to resolve the conflict; all the Attorney General had to do was inform the Supreme Court of Illinois that its order clashed with an outstanding writ in Madej's favor issued by a federal court. Yet lawyers representing the State of Illinois did not do this; they chose to leave the Supreme Court of Illinois in ignorance and then take shelter behind its order. This is unpardonable conduct by a member of the bar. We grant that the federal district court eventually (long after the state should have resentenced Madej) allowed the state's order to take priority, but when the state court's stay (and thus the district judge's) had expired by its own terms in January 2004, Illinois *still* refused to resentence Madej. That's what led to these additional proceedings. Madej has yet to enjoy the hearing that was ordered in September 2002. Contempt of court is an entirely appropriate description.

Twice in recent months we have expressed concern about shoddy performance by lawyers representing the State of Illinois and ordered them to show cause why sanctions should not be imposed. See *Carroll v. Yates*, 362 F.3d 984 (7th Cir. 2004); *A.M. v. Butler*, 360 F.3d 787 (7th Cir.2004). On each occasion we accepted the state's assurance that all problems were behind them and would not recur. See *Carroll v. Yates*, 362 F.3d 984 (7th Cir.2004) (unpublished order); *A.M. v. Butler*, 365 F.3d 571 (7th Cir.2004). Yet the petition for rehearing in this appeal, filed less than a week after the second of these orders, shows that frivolous and unprofessional argumentation continues.

Most likely the author of the "petition for rehearing" is responsible for the precise line of argument deployed in these appellate proceedings, for casting a request to amend as a petition for rehearing, and for seeking mandamus rather than filing an appeal in the first place. We therefore direct Marie Quinlivan Czech to show cause within 21 days why we should not impose professional discipline. See Fed. R.App. P. 38, 46(b), 46(c).

Our principal concern, however, is not with technical gaffes in these papers or even the feeble arguments adduced. It is with a failure to carry out the district court's order—a decision that must have been made by senior personnel—and the persistent shortcomings in the legal work presented to this court by the State of Illinois. The warden's "petition for rehearing" bears the names of Lisa Madigan, Attorney General of Illinois; Gary Feinerman, Solicitor General of Illinois; and Richard A. Devine, State's Attorney of Cook County; in addition to Assistant State's Attorney Czech. Perhaps some of the troubles in this litigation are attributable to an informal arrangement between the state's Attorney General and the State's Attorney of Cook County under which the former handles collateral pro-

ceedings in this court and the latter handles implementation after our decisions. It is unclear whether the Attorney General and Solicitor General have seen, let alone approved, the documents recently filed in their names. State and local institutions may allocate governmental responsibilities as they please, but they may not take shelter behind allocations that leave no one fully responsible when those procedures lead to noncompliance with judicial orders and woebegone papers filed in litigation.

Systemic problems require systemic solutions. One option is to instruct the district court to open proceedings to determine who is responsible for the state's failure to comply with its order, and to impose appropriate penalties for contempt of court. Even better, however, would be the adoption of procedures within the state's legal bureaucracy to ensure that these problems do not recur. We invite the Attorney General and the State's Attorney to explain, within 21 days, what they think can be done in lieu of contempt proceedings. Given the failure of the assurances made to us in *Carroll* and *A.M.*, any proposals must be concrete rather than general promises to do better next time. It should go without saying (though it seems prudent to say it anyway) that an essential step in rebuilding the state's good reputation is the swift resentencing of Gregory Madej in compliance with the writ issued in September 2002.