In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-1378

ANDREW GALE,

*Plaintiff-Appellant,*

*v.*

HYDE PARK BANK,

*Defendant-Appellee.*

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 C 3663—**John W. Darrah**, *Judge.*

SUBMITTED AUGUST 31, 2004—DECIDED SEPTEMBER 17, 2004

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In April 2002 Andrew Gale overdrew his checking account at Hyde Park Bank. He blamed the Bank, asserting that its delay in posting to his account a transaction in December 2001 with his debit card led him to think that the account contained a greater balance. He sued under the Electronic Funds Transfer Act, contending that the delay in posting the debit-card transaction violated 15 U.S.C. §1693h(a)(1), which requires banks to make electronic fund transfers in a "timely manner". He also contended that the Bank had failed to provide him with

information required by 15 U.S.C. §1693f. The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. The district court wrote that the Bank had posted the transaction within 48 hours of its arrival through the interbank network, and that the merchant (or perhaps the network) rather than the Bank had been responsible for the delay.

The court's assumption that 48 hours was "timely" may be tenable, though both the statute and the implementing regulations leave that word undefined. See Donald I. Baker & Roland E. Brandel, *The Law of Electronic Fund Transfer Systems: Legal and Strategic Planning* ¶17.03[3][a] (2004 ed.). But in supposing that the Bank acted promptly after notification, the court relied on a view of the facts adverse to the plaintiff, which Rule 12(b)(6) does not permit. See *Hishon v. King & Spalding*, 467 U.S. 69 (1984). It is not as if Gale had himself pleaded that the debit did not find its way to the Bank for four months after the retail transaction. This is the Bank's view of matters, not Gale's. That the Bank said the same thing to Gale in email messages that Gale attached to the complaint does not amount to a concession; the plaintiff may tell the court what his adversary has said without throwing in the towel. See *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004). Anyway, attributing significance to the emails should have led the judge to convert the Bank's motion to one for summary judgment, as Rule 12(b) itself provides. What actually happened should be resolved by summary judgment or trial, not by decision on the pleadings.

Still, the district court's disposition was at least partly correct. To recover under §1693h the plaintiff must show that a violation of the law led to injury, and Gale has pleaded himself out of court on that subject by demonstrating that his errors rather than the Bank's caused all loss. (The only loss appears to be the fee for overdrawing the account.) Gale's complaint shows that his failure to keep the

account adequately funded is the root of the problem. Had the debit been posted in December 2001, and everything else remained the same, Gale still would have overdrawn the account in April 2002.

Using a debit card is like writing a check: Gale's contract with the Bank required him to record all transactions and ensure that the balance supports each new one, even if transactions are not yet posted (just as some checks may not be cashed immediately). The Bank sent Gale statements showing that his purchase in December 2001 had yet to be deducted from his account. Gale needed to keep on hand funds to cover all outstanding transactions; he failed to do this and cannot shift responsibility to the Bank.

The timeliness requirement is principally for the benefit of the person entitled to receipt of the funds. In other words, transferees are in the zone of interests protected by this aspect of the statute. Cf. *National Credit Union Administration v. First National Bank & Trust Co.*, 522 U.S. 479 (1998). Transferors usually are not, as delay gives them the benefit of the float. One can imagine an injury that transferors could suffer: if the merchant noticed the delay in payment and took steps that deprived the transferor of the benefit of the bargain, or adversely affected his credit rating, then there could be a compensable injury. Gale does not allege such events, however; his complaint and appellate brief show that his sole concern is ending up with an overdrawn account in April 2002. Failure to keep the account in funds cannot be a source of damages under §1693h(a).

This leaves the claim based on §1693f, which both the district court and the Bank's appellate brief let pass in silence. It is not so easily disposed of, because violations of that section (unlike violations of §1693h) can lead to statutory damages even in the absence of injury. Compare 15 U.S.C. §1693m(a)(2)(A) with §1693h(c).

Section 1693f(a) provides that after a customer reports that an error has occurred, the financial institution must

"investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." Gale contends that he did not receive a timely report of "the results"; instead the Bank rejected his claim without much explanation. In other words, Gale contends, he got a "determination" but not "the results of such investigation" or the supporting documentation. See §1693f(d) ("If the financial institution determines after its investigation pursuant to subsection (a) . . . that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.").

Moreover, implementing regulations require financial institutions to provide customers with details of their error-resolution procedures and update these notices at least annually. 12 C.F.R. §§ 205.7(b)(10), 205.8(b). Gale's complaint can be read to allege that the Bank failed to give him this required information. Likewise it can be read to allege a violation of 12 C.F.R. §205.11(a), which requires financial institutions to provide customers on request with "additional information or clarification concerning an electronic fund transfer, including a request the consumer makes to determine whether an error exists". Although the complaint did not cite these regulations, it did not have to. Complaints plead *claims*, not legal theories. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). All a complaint need do is narrate a claim for relief. See Fed. R. Civ. P. 8; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Gale's complaint met this standard. He is entitled to judicial resolution of that grievance.

The judgment is vacated, and the case is remanded for further proceedings on Gale's claim under §1693f and the corresponding regulations.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*