**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted August 11, 2005[*]
Decided August 12, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

No. 05-1186

ERIC D. SMITH,
    *Petitioner-Appellant*,

    *v.*

BRUCE JORDAN, Superintendent,
Westville Correctional Facility,
    *Respondent-Appellee*.

Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.

No. 3:04cv0501 AS
Allen Sharp, *Judge*.

**Order**

Indiana's prison system revoked 189 days of Eric Smith's earned-credit time after a conduct adjustment board concluded that he had committed four unrelated violations of the prison's rules within one year. Smith seeks a writ of habeas corpus under 28 U.S.C. §2254, contending that the Board violated his constitutional rights. The district judge denied this petition but did not mention Smith's best argument: that the Board did not allow him to attend the hearing.

The Board's opinion asserts that Smith declined the opportunity to attend. Indiana's brief contends that this statement is conclusive. It is not. Smith stated in his petition that he wanted to attend but was prevented from doing so. This has the status of an affidavit, because the petition was signed under penalty of perjury, as all petitions for collateral relief must be. See Rule 2(c)(5) of the Rules Governing Section

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

2254 Cases in the United States District Courts. A prison disciplinary board is not a court; its statements lack the presumption of correctness that attend judicial findings of fact, which may be overcome only under the conditions stated in 28 U.S.C. §2254(e). See *Piggie v. McBride*, 277 F.3d 922, 926 (7th Cir. 2002). Statements that a prison disciplinary board makes about the procedures it has used to resolve a dispute are open to contest in the normal way, and when the prisoner controverts the board's statement with sworn evidence the "normal way" is a hearing in federal court. See *Carroll v. Yates*, 362 F.3d 984 (7th Cir. 2004). The judge may not assume that the prisoner is lying and reject his position out of hand. See *Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002).

Because Smith controverted the Board's assertion under oath, he is entitled to a hearing. If after receiving testimony and other evidence the district judge concludes that Smith is telling the truth, he should issue a conditional writ of habeas corpus, directing the state to restore the good-time credits unless it gives Smith the opportunity to attend a proper hearing; but if the judge concludes that Smith is lying, he should deny the petition and refer the matter to the United States Attorney for consideration of a prosecution for perjury.

Smith's other arguments in support of his petition have been considered but do not require discussion. The district court resolved them correctly.

VACATED AND REMANDED