**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2006[*]
Decided May 18, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1023

| | |
|---|---|
| JOHNNY M. RUFFIN, JR., <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> ROCKFORD MEMORIAL <br> HOSPITAL, et al., <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division <br><br> No. 04 C 50258 <br><br> Philip G. Reinhard, <br> *Judge.* |

**O R D E R**

Illinois prisoner Johnny Ruffin brought suit *pro se* claiming that Rockford Memorial Hospital ("RMH") and two of its employees discriminated against him in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, by refusing to admit him to the hospital's rehabilitation program solely because he was a near-quadriplegic. RMH contends that it did not feel it had the qualified personnel or the proper equipment to treat him in the most efficient

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

way. The district court concluded that Ruffin failed to state a claim under Title II or Title III of the ADA, and granted the defendants' motion to dismiss. Ruffin now appeals. We agree with the district court that Ruffin cannot proceed under the ADA, though some of our reasons differ.

We accept as true the facts alleged in Ruffin's complaint. *Dawson v. Newman*, 419 F.3d 656, 658 (7th Cir. 2005). Ruffin was shot by Kane County sheriff's deputies while resisting arrest in June 1999, and shortly thereafter was diagnosed with "incomplete quadriplegia." He was admitted for pretrial detention at the Winnebago County Jail, but because of his injuries his first few months in custody were spent in local hospitals. In October 1999 Ruffin's doctors determined that he was ready to be transferred to an extended-care facility for rehabilitation. They attempted several times to transfer him to RMH, but RMH would not accept the transfer. The hospital told Ruffin's doctors that it did not have appropriate services available. Ruffin was eventually transferred to the infirmary at the Winnebago County Jail for rehabilitation.

In October 2001 Ruffin brought this action in the Circuit Court of Winnebago County, claiming that RMH's decision to exclude him from its rehabilitation program cost him some mobility in his back and possibly the chance to walk again. His complaint invoked Title II of the ADA, which prevents a "public entity" from discriminating against disabled persons in the provision of services, *see* 42 U.S.C. § 12132, and Title III of the ADA, which prevents such discrimination in "any place of public accommodation," *see* 42 U.S.C. § 12182(a). Ruffin sought compensatory damages for his alleged loss of mobility, punitive damages, and attorney's fees and costs.

The defendants removed the case to federal court and then moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Ruffin had failed to state a claim. The district court agreed with the defendants, holding that Ruffin failed to allege that the hospital was a "public entity" within the meaning of Title II, and that in reality it was not a public entity but rather a private entity. The court also considered whether Ruffin might have stated a claim under Title III, but concluded that he did not because his claim amounted to nothing more than a contention that the hospital had refused to provide "a particular treatment for a particular disability," which it had no obligation to provide.

As a preliminary matter, we note that this case is in an unusual posture since it concerns Ruffin's medical treatment while he was in the custody of the Winnebago County Jail. But since neither Ruffin nor the defendants suggest that RMH's decision was affected in any way by the jail's willingness to permit the transfer or to pay for the treatment, we will assume that his status as a pretrial detainee has no bearing on the outcome. We review the district court's dismissal of

the ADA claim *de novo*. *See Frank Bros., Inc. v. Wisconsin Dep't of Transp.*, 409 F.3d 880, 884-85 (7th Cir. 2005). Dismissal is appropriate only if a plaintiff could not establish any set of facts that would entitle him to the relief he requests. *Id.* at 885.

On appeal Ruffin argues that the district court erred in holding that he failed to state a claim under Title II of the ADA, which applies to public entities alone. *See* 42 U.S.C. § 12132. Ruffin contends that, contrary to the district court's representation, he does allege in his complaint that RMH is a public entity. The defendants concede this, but assert that the question whether the hospital is a public entity is a legal conclusion that Ruffin fails to support with adequate factual allegations. Ruffin, though, was not required to identify, let alone allege facts concerning, the elements of the legal theories underlying his complaint, *see Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005); *Dunn v. Washington County Hosp.*, 429 F.3d 689, 691 (7th Cir. 2005); *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005), thus the defendants' position is untenable.

Still, we agree with the outcome reached by the district court even though we do not endorse its reasoning. We rely on the fact that Ruffin has disclosed on appeal that his basis for believing that RMH is a public entity is that it is incorporated under state law. The definition of "public entity" in the ADA does not support this theory: for purposes of the Act, a "public entity" is a "department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. Thus, Ruffin cannot prevail on his Title II claim. He argues that the district court should have converted the motion to dismiss into a motion for summary judgment so that it could take evidence on whether or not RMH is a public entity. However, where the appellant has not established that he can "point to any pertinent evidence that he might be able to obtain and present in opposition to summary judgment," the district court's error is harmless and "remand to enable [a] formal conversion" of the motion "would be pointless." *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 627-28 (7th Cir. 2003).

Ruffin next argues that if RMH *is* a private entity he nonetheless states a claim under Title III of the ADA,[**] which applies to places of "public

_____

[**]Ruffin might also have brought a claim under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which we construe consistently with section 12132 of Title II of the ADA in most respects, *see Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004). Like Title II, the Rehabilitation Act authorizes private citizens to bring actions for money damages, *Tennessee v. Lane*, 541 U.S. 509, 517 (2004), but its coverage is not restricted to public entities. The Rehabilitation Act

(continued...)

accommodation." 42 U.S.C. § 12182(a). The defendants and the district court concluded that Ruffin was alleging that he was deprived of benefits equal to those received by persons with other disabilities who are served by RMH's rehabilitation program. The defendants also suggested that Ruffin might simply be claiming that the treatment he received was inappropriate. The district court and the defendants are correct in stating that the ADA does not impose liability on these grounds. It is permissible to extend a service to disabled persons suffering from a certain disability without offering that or another service to persons suffering from another disability. *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1015-16 (6th Cir. 1997); *Vaughn v. Sullivan*, 83 F.3d 907, 912-13 (7th Cir. 1996). And Ruffin cannot challenge a medical treatment decision under the ADA. *See Fitzgerald v. Corrs. Corp. of America,* 403 F.3d 1134, 1144 (10th Cir. 2005); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996).

But this is not what Ruffin alleges. He has tailored his complaint closely to the statute and actually does claim that RMH made the sort of "categorical refusal to treat someone because of their disability" the district court said might be a predicate for liability. Moreover, we reject the defendants' suggestion that Ruffin pleaded himself out of court by attaching to his complaint a report that recounts RMH's

---

**(...continued)
applies to any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also Jackson v. City of Chicago*, 414 F.3d 806, 811 n.2 (7th Cir. 2005). RMH's rehabilitation program is a "program or activity" within the meaning of the Rehabilitation Act because section 794(b)(3)(A)(ii) defines the term as embracing "all of the operations of . . . a corporation, partnership, or other private organization . . . which is principally engaged in the business of providing . . . health care." And RMH qualifies as a receiver of "Federal financial assistance" because it receives Medicare and Medicaid payments. *See Grzan v. Charter Hosp. of Nw. Indiana*, 104 F.3d 116, 119-20 (7th Cir. 1997); *United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039, 1040 (5th Cir. 1984); *see also* http://www.hospital-data.com/hospitals/ ROCKFORD-MEMORIAL-HOSPITAL-ROCKFORD.html. Ruffin, though, does not make any argument on appeal about the Rehabilitation Act, and thus he has waived any contention that the district court should have recognized such a claim on its own. *See Hart v. Transit Mgmt. of Racine, Inc.*, 426 F.3d 863, 866-67 (7th Cir. 2005) (per curiam); *Sanchez v. Henderson*, 188 F.3d 740, 746 n.3 (7th Cir. 1999); *Kerr v. Farrey*, 95 F.3d 472, 481 (7th Cir. 1996). Moreover, he failed to raise this theory in his response to the motion to dismiss in the district court, which is another ground for finding it waived. *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005); *Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990).

statement to his doctors that appropriate services were not available. We have repeatedly held that a "plaintiff may tell the court what his adversary has said without throwing in the towel." *Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004); *see also Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004).

Nonetheless, we still conclude that Ruffin fails to state a claim under Title III because the language of the subchapter's enforcement provision provides a remedy only to a person "who *is being subjected* to discrimination on the basis of disability or who has reasonable grounds for believing that such person is *about to be subjected* to discrimination. *See* 42 U.S.C. § 12188(a)(1) (emphasis added). This language does not apply to Ruffin, whose complaint concerns past events and seeks only money damages. Money damages, however, are not available to private parties under Title III, *see* 42 U.S.C. § 12188(a)(1); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *Bowers v. NCAA*, 346 F.3d 402, 433 (3d Cir. 2003), and Ruffin does not argue that he wants injunctive relief, or that any injunctive relief remains available to him.

Accordingly, we AFFIRM the judgment of the district court.