NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2007[*]
Decided February 26, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3816

| | |
|---|---|
| OTIS L. THOMAS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>EKE KALU, *et al.*,<br>    *Defendants-Appellees.* | Appeal from the United States<br>District Court for the Southern<br>District of Indiana, Indianapolis<br>Division<br><br>No. 1:04-cv-02079-LJM-WTL<br><br>Larry J. McKinney,<br>*Chief Judge.* |

**O R D E R**

Indiana prisoner Otis Thomas brought suit *pro se* under 42 U.S.C. § 1983 alleging that medical staff at Pendleton Correctional Center disregarded his serious medical needs in violation of the eighth amendment by refusing to order surgery for his abdominal hernia. Thomas's claim against Dr. Eke Kalu survived both initial screening under 28 U.S.C. § 1915A and a motion to dismiss under Rule 12(b)(6), and the district court allowed Thomas to add Dr. Malak Hermina and Dr. Shamsuddin

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Pracha as defendants. But after discovery ended, the district court granted the defendants' Rule 12(c) motion for judgment on the pleadings because Thomas's pleadings established that he failed to exhaust his administrative remedies. Thomas appeals, challenging both the judgment and the district court's refusal to request counsel to represent him. We vacate the judgment and remand for further proceedings.

According to Thomas's complaint, he has been awaiting surgery to repair his hernia since he was arrested in 1996. When he arrived at Pendleton in 1997, an unnamed doctor gave him a hernia belt and told him that he would not receive surgery as long as he could "push it back in." In 1999 Thomas complained of pain to Dr. Pracha, who explained that it was "institutional policy" not to order surgery if the hernia could be pushed back in. In June 2001 Thomas complained of pain to Dr. Hermina, who refused to order surgery and again told Thomas to push the hernia back in. Dr. Hermina also told Thomas to discontinue use of a hernia belt and put him on a twenty-pound weight restriction. In April 2002 Thomas explained to Dr. Pracha that it was difficult and excruciatingly painful to push the hernia back in. Dr. Pracha did nothing for the pain and did not order surgery. Thomas says he wrote letters and filed grievances, most of which never received a response. But in one of the few responses, Dr. Kalu explained that "an alternative treatment plan" for his hernia was "not indicated." Thomas says the hernia, which had swollen to the size of a baseball, caused him great pain and prevented him from exercising and lifting weights. He could barely walk around the recreational track.

Along with his complaint, Thomas submitted some (perhaps all) of his correspondence with prison officials, including a November 2004 letter from Rose Vaisvilas, identified in her letter as a "Nursing Director" at the Indiana Department of Correction. In the letter, Vaisvilas explained to Thomas that she would not review his treatment because he had not filed a "Step 5" grievance:

> [Y]ou indicate that you have a hernia that no one will examine and you indicate that you have written letters, filed grievances, and attempted to speak to facility staff but no one will listen to you. I have investigated you [sic] concern and learned that no health related step 5 grievances have been reviewed by the central office health care staff and since all step 5 grievances are forwarded to the central office health services division, I must conclude that you have not pursued any grievances beyond the facility level.

In their motion for judgment on the pleadings, the defendants argued that, in submitting the Vaisvilas letter, Thomas established that he had not exhausted his administrative remedies. They reasoned that, because the letter implies that the grievance system "had at least five steps" and Thomas "had not submitted a Step

Five Grievance," he could not have possibly exhausted his administrative remedies and thus is not entitled to relief. Thomas did not respond to the motion. The district court accepted the defendants' position and entered judgment for the defendants, dismissing Thomas's complaint without prejudice.

Before turning to the merits, we must address our jurisdiction to entertain Thomas's appeal. Usually a dismissal without prejudice "does not qualify as an appealable final judgment because the plaintiff is free to re-file the case." *Glaus v. Anderson*, 408 F.3d 382, 385 (7th Cir. 2005). But we recognize an exception where "there is no amendment a plaintiff could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations." *Id.* at 386. The defendants say that Thomas could not amend or re-file because he would be time-barred, but that's inaccurate because he alleged a continuing injury. *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Nevertheless, we consider the judgment final because the district court showed that it was "finished with the case" by dismissing the entire action. *See Am. Nat'l Bank & Trust Co. v. Emerald Invs. LP*, 406 F.3d 867, 874-75 (7th Cir. 2005); *Hill v. Potter*, 352 F.3d 1142, 1144-45 (7th Cir. 2003). Thus we proceed to the merits.

We review *de novo* an entry of judgment on the pleadings. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). A party may make the motion only after an answer has been filed, and the court will grant the motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and there are no material issues of fact to be resolved." Fed. R. Civ. P. 12(c); *Moss*, 473 F.3d at 698. Prisoners need not allege that they have exhausted administrative remedies; rather, failure to exhaust is an affirmative defense. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). But "when the existence of a valid affirmative defense is so plain from the face of the complaint," the prisoner's complaint may be dismissed. *Walker*, 288 F.3d at 1010-11; *see Jones*, 127 S.Ct. at 920-21.

Thomas maintains, as he alleged in the body of his complaint, that he exhausted all available administrative remedies. He says that if he failed to comply with the grievance policy, it was because his grievances went unanswered and he was not provided with the necessary forms.

We cannot agree with the district court that Thomas's pleadings show that he failed to exhaust his administrative remedies. True, the Vaisvilas letter he submitted contains references to "step 5" of the grievance process, and Thomas did not submit to the court a grievance labeled "step 5." But in submitting the Vaisvilas letter, Thomas did not vouch for the truth of its content. *See Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006); *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004). Thomas did not plead the "fact" that there is a "step 5" in the grievance

process, *see Carroll*, 362 F.3d at 986; he submitted the letter to show the court how the prison responded (or rather, did not respond) to his need for medical treatment. Dismissal on the basis of "facts" contained in the letter is inappropriate because Thomas did not "rel[y] upon it to form the basis for a claim or part of a claim." *Id.* The letter does not foreclose Thomas from later establishing facts that show he followed the prison's grievance process. Nor does it foreclose him from later showing that the grievance process—including "step 5"—was unavailable to him. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because Thomas could later establish facts, consistent with his pleadings, that show he exhausted available administrative remedies, his claims should not have been dismissed. *See Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999).

We turn next to Thomas's argument that the district court erred by twice denying his request for counsel. The court denied his first request (filed after Dr. Kalu filed his answer) because he had not shown that he made reasonable efforts to recruit an attorney on his own. The court denied his second request (filed after Dr. Hermina and Dr. Pracha answered) because Thomas had demonstrated competence to pursue his claims, which the district court did not consider complex. While this case may ultimately raise complex issues, *see Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005), the district judge's decision was sensible when made, and we cannot say that he abused his discretion. *Pruitt v. Mote*, 472 F.3d 484, 488-89 (7th Cir. 2006).

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.