NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2374
_____

CHARLES F. HYMER,
                                                Appellant
v.

DR. TIMOTHY KROSS, Addictionologist/Wellpath; KEVIN KOLLMAN, Medical
Director; DR. BOLAND, Medical Supervisor/SCI-Benner Township; KATHERINE
MCCORMICK, Nurse/SCI-Benner Township; J. BURD, Facility Grievance
Coordinator/SCI- Benner Township; DORIS VARNER, Chief Grievance Officer; K.
ARDERY, RNS/SCI-Benner Township
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No. 3-22-cv-01531)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on June 7, 2024
_____

Before: CHAGARES, Chief Judge, CHUNG and FISHER, Circuit Judges

(Filed: June 17, 2024)
_____

OPINION[*]
_____

_____

[*]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

CHUNG, Circuit Judge.

Charles Hymer challenges the District Court's dismissal of his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). For the reasons below, we will reverse in part and remand.

I.    BACKGROUND[1]

Prior to November 12, 2020, Hymer participated in the Medication Assisted Treatment (MAT) program at SCI Benner Township to treat his opioid use disorder. While in the MAT program, prison medical staff provided Hymer with daily doses of Suboxone to manage his condition. A few days before November 12, prison medical staff provided Hymer his daily dose of Suboxone. Once Hymer believed it had dissolved, he took a drink of water and showed the administering nurse his mouth "as [he has] always been told to do." Appendix ("A") 35. However, the administering nurse instructed Hymer to take another sip of water after noticing that he still had some medication in his teeth. Hymer complied with the instruction, showed the nurse his mouth, and "was told [that he] was done." A38.

On November 12, when Hymer sought to get his medication renewed for the month, medical staff informed him that he had been removed from the MAT program because he "attempted to divert Suboxone when it was administered to [him] … on [November 9th]." A37. Hymer filed a prison grievance arguing that he did not attempt

---

[1]    Because we write for the parties, we recite only facts pertinent to our decision. The facts are drawn from assertions by Hymer in his grievance statements which are attached to his complaint. SCI Benner's responses to the grievance are also attached.

to divert medication and requesting reinstatement in the MAT program. SCI Benner denied his grievance and the requested relief. The denial response noted that after Hymer was removed from the program he was "placed on tapering doses of Suboxone and … Clonidine as needed for withdrawal which was administered." A40. The response also noted that "[s]ince tapering of medication there ha[d] been no adverse reaction reported by [Hymer] or documented by medical staff," but the response did not include the referenced documentation as an attachment. Id.

Hymer, pro se, filed a complaint pursuant to 42 U.S.C. § 1983, suing various medical officials at SCI Benner for violating his Eighth Amendment rights by failing to provide adequate medical care.[2] Hymer alleged that terminating him from the MAT program resulted in withdrawal illness, depression, relapse, and an overdose. He requested reinstatement in the MAT program, as well as compensatory and punitive damages. The District Court preliminarily screened the case under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed the case for failure to state a claim. The District Court also denied leave to amend. Hymer timely appealed.[3]

---

[2] Hymer also asserted a Fourteenth Amendment due process claim, but he does not challenge the denial of that claim on appeal.

[3] Because Hymer's complaint was preliminarily screened, the District Court's review occurred before Appellees filed an answer and they have not yet appeared in the underlying case. In granting Hymer's motion to proceed in forma pauperis, we stated that "Appellee[s] need not file a response [in this appeal] unless directed to do so." App. Ct. Dkt., No. 11. We did not direct a response, and Appellees did not file one.

II.    <u>DISCUSSION</u>[4]

While courts may consider exhibits attached to a complaint when considering whether dismissal is appropriate, a plaintiff does not automatically incorporate into her complaint every fact asserted in such attachments.  Moreover, facts asserted in such attachments may not necessarily be considered for the truth of the matter asserted.  <u>See, e.g.</u>, <u>LeMay v. Mays</u>, 18 F.4th 283, 289 (8th Cir. 2021) ("Our precedent permits consideration of materials necessarily embraced by the pleadings, including exhibits attached to the complaint ... Such evidence may not, however, be viewed for the truth of the matters asserted." (quotation marks and citation omitted)); <u>Banneker Ventures, LLC v. Graham</u>, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("Rule 10(c) 'does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact.'" (citation omitted)); <u>Guzell v. Hiller</u>, 223 F.3d 518, 519 (7th Cir. 2000) ("A plaintiff in a libel suit who attached the allegedly libelous article to his complaint would obviously not be vouching for the truth of the libelous assertions in the article … The plaintiff's purpose in attaching an exhibit to his complaint determines what assertions if any in the exhibit are facts that the plaintiff has incorporated into the complaint." (citations

---

[4]    The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review of a District Court's dismissal for failure to state a claim under 28 U.S.C. § 1915(A)(b)(1).  <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000).  "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  <u>Id.</u> (alterations in the original) (quoting <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).

4

omitted)).

In finding that Hymer failed to plausibly allege SCI Benner's deliberate indifference, the District Court improperly considered as true statements contained within SCI Benner's grievance responses. The District Court appears to have accepted the truth of such statements because it viewed them as having been adopted by Hymer, despite Hymer's own statements to the contrary. We do not join the District Court in this assumption. Based on the nature of Hymer's claims and his own statements, we cannot conclude that, instead of intending to demonstrate that he availed himself of the administrative process,[5] Hymer intended to adopt SCI Benner's statements when he attached the grievance responses to his complaint. Accordingly, we will reverse the District Court's dismissal of Hymer's Eighth Amendment claim and remand to allow the District Court to screen Hymer's complaint without consideration of the statements asserted in the grievance responses.[6]

---

[5]     The Prison Litigation Reform Act (PLRA) mandates that a plaintiff exhaust administrative remedies before filing suit. See 42 U.S.C. § 1997e(a); see, e.g., Carroll v. Yates, 362 F.3d 984, 986 (7th Cir. 2004) ("[Plaintiff] had appended the [prison] board's decision not in order to vouch for the truth of the statements in it, but to show that he had exhausted his administrative remedies.").

[6]     The District Court also determined that amendment would be futile, citing Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) for support without further explanation. To the extent its determination was based on the truth of factual statements made in the grievance responses, those statements should not inform its futility assessment on remand. See, e.g., Shifflett v. Korszniak, 934 F.3d 356, 366 (3d Cir. 2019) ("Because we conclude the District Court should not have dismissed Shifflett's Eighth Amendment claims for failure to exhaust, we vacate as well its refusal to allow leave to amend as to those claims" where the basis for futility was "the impossibility of curing the exhaustion defect").

5

## III. CONCLUSION

For the reasons stated, we will reverse in part and remand with instructions for further proceedings consistent with this opinion.