# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-4291

DENNIS HART and SCOTT BASKEN,

*Plaintiffs-Appellants*,

*v.*

TRANSIT MANAGEMENT OF RACINE, INC., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-CV-766—**Rudolph T. Randa**, *Chief Judge*.

ARGUED JUNE 14, 2005—DECIDED AUGUST 17, 2005[Œ]

Before WOOD, WILLIAMS, and SYKES, *Circuit Judges*.

PER CURIAM. This case began when Dennis Hart and Scott Basken sued their employer, Transit Management of Racine, Inc. (TMR), and their union, Teamsters Local 43 (the union), alleging racial discrimination, retaliation, and a "hybrid" claim. (Hart and Basken also named as defendants TMR's parent company, general manager, and senior mechanic. We refer to these defendants and the

---

[Œ] This opinion was originally issued as an unpublished order. The court has granted a motion to publish filed by a member of the bar.

company collectively as TMR.) The district court dismissed Basken's part of the complaint for failure to state a claim and later ordered summary judgment against Hart. Basken, with the aid of counsel, and Hart, who is now proceeding *pro se*, challenge the respective rulings in this appeal.

## I

The following facts are undisputed. Hart, who is African American, and Basken, who is white, both worked as mechanics for TMR. At the time of the events giving rise to this lawsuit, a collective bargaining agreement (CBA) between TMR and the union specified that the company would assign overtime based on seniority. The CBA also classified separately the jobs of "mechanic" and "mechanic's helper." Among the seven TMR mechanics, Hart was less senior than four white men, but more senior than Basken, the junior mechanic. In spite of his relatively low seniority, however, Hart was second only to the senior mechanic in hours of overtime worked during the period from January 3, 1998, to July 13, 2002.

Hart and Basken, represented by the same counsel in the district court, filed a joint complaint identifying 42 U.S.C. § 1981 as the sole basis for their claims. Hart alleged that, despite the CBA seniority system, TMR refused on account of his race to give him overtime. Although the complaint alleged that the senior mechanic constantly discriminated against Hart when awarding coveted overtime, it cited just one such incident: on December 17, 2000, mechanic's helper Julie Kalk, who is white, was given overtime that Hart wanted and insisted should have gone to a mechanic. This incident prompted Hart to file a grievance, which Basken supported. Hart and Basken alleged that TMR and the union responded to Hart's grievance by instituting mandatory overtime and thus

forcing Basken, as the junior mechanic, to work overtime that he did not want.

In response to TMR's motion to dismiss under FED. R. CIV. P. 12(b)(6), the district court concluded that § 1981 does not support recovery when a plaintiff claims that he suffered retaliation for supporting another employee's charge of discrimination, rather than discrimination on account of his own race. The court thus dismissed the entire complaint as to Basken. Hart's claims proceeded to summary judgment, which the court granted in favor of TMR and (without opposition) the union. The court reasoned as to TMR that Hart had failed to establish a *prima facie* case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because he lacked evidence of a similarly situated employee from outside the protected class who received preferential treatment. As to the union, the court found that Hart produced no evidence that TMR breached the CBA.

## II

We begin with the district court's dismissal of Basken's retaliation claim against TMR and the union. Our review is *de novo*. See *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

Retaliation is grounds for relief under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e-3(a), which "makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act," *Fine v. Ryan Intern. Airlines*, 305 F.3d 746, 751 (7th Cir. 2002); see *Stutler v. Illinois Dep't of Corr.*, 263 F.3d 698, 702 (7th Cir. 2001), but § 1981, in contrast, encompasses only racial discrimination on account of the plaintiff's race and does not include a prohibition against retaliation for opposing racial discrimination, see *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960-61 (11th Cir.

1997). Throughout the proceedings in the district court, however, Basken limited his retaliation claim to one based on § 1981.

Basken was not required by FED. R. CIV. P. 8 to plead a legal theory, and therefore the relevant question under Rule 12 on appeal is "whether any set of facts consistent with the complaint would give him a right to recover, no matter what the legal theory." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). A plaintiff may initially plead a legal theory unsustainable on the facts contained in the complaint but later survive dismissal by suggesting, in response to a motion under Rule 12(b)(6), a theory that would give rise to relief on facts not inconsistent with those in the complaint. See *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003). Moreover, he may even be able to revive a claim dismissed under Rule 12(b)(6) by asserting on appeal new facts and theories consistent with the original complaint. See *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001); *Dawson v. General Motors Corp.*, 977 F.2d 369, 372-73 (7th Cir. 1992). Basken, though, has not wavered from his reliance on § 1981. At oral argument, counsel continued to insist that Basken seeks relief under § 1981 exclusively, and thus Basken has waived any other colorable basis for relief and doomed his retaliation claim. See *Voelker v. Porsche Cars, Inc.*, 353 F.3d 516, 527 (7th Cir. 2003) (discussing waiver). Given counsel's position (which is of course attributable to Basken), we have no cause to question the dismissal of the complaint as to Basken.

We thus turn to Hart and begin with his claim against the union. The complaint itself is impenetrable, but in moving for summary judgment the union read it to include a "hybrid" claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and § 8(b) and § 9(a) of the National Labor Relations Act, 29 U.S.C. §§ 158(b), 159(a). Hart has never disagreed with that reading, and thus

we accept it. See *Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 879 (7th Cir. 2005) (explaining that parties' litigation conduct may refine claims pleaded in complaint). Such a claim arises when an employer breaches a CBA and the aggrieved employee's union breaches its duty to represent the employee fairly in resolving the dispute with the employer. See, *e.g.*, *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368-69 (7th Cir. 2003); *Johnson v. Graphic Communications Intern. Union*, 930 F.2d 1178, 1181 (7th Cir. 1991). Hart, however, virtually ignored the union at summary judgment, and apart from a passing reference to the CBA, he says nothing in his opening appellate brief to suggest the presence of a "hybrid" claim. Hart did not even identify the elements of a "hybrid" claim until his reply brief, and then only because the union's brief prompted him to do so. Arguments that first appear in a reply brief are deemed waived, *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004), and, regardless, the summary judgment record is devoid of evidence suggesting that the union's treatment of Hart was arbitrary, discriminatory, or in bad faith.

That leaves Hart's claim against TMR for discrimination. We review the grant of summary judgement *de novo*, construing the facts in the light most favorable to Hart as the opposing party. See *Russell v. Harms*, 397 F.3d 458, 462 (7th Cir. 2005). To survive summary judgment on a claim of employment discrimination under § 1981, a plaintiff relying on the indirect method must first demonstrate a *prima facie* case by producing evidence that he is a member of a protected class, was qualified for the benefit he sought, was denied the benefit, and was treated less favorably than a similarly situated employee outside the protected class. *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005); *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004). Once a *prima facie* case is shown, *McDonnell Douglas* requires the defendant to articulate

a nondiscriminatory reason for the adverse employment action; the plaintiff then has the opportunity to produce evidence demonstrating that the reason is a pretext. *Blise*, 409 F.3d at 867. Here there is no dispute that Hart is a member of a protected class and was qualified to perform the overtime given to Kalk instead of to him on December 17, 2000. But the district court, focusing solely on the last element of the *prima face* case, reasoned that Hart and Kalk, though racially diverse, were not similarly situated because of their different job classifications. Thus, the court concluded, Hart could not establish that he was treated less favorably than a similarly situated person outside the protected class.

We think that the district court was shaving matters too thinly. In our view, Hart met his burden to demonstrate a *prima facie* case of discrimination. Counsel for the union (who presented oral argument regarding Hart's claims on behalf of both the union and TMR) concedes that Hart established that on December 17 TMR offered overtime to the four senior mechanics and then to Kalk, the senior mechanic's helper. Even if the management-rights clause of the CBA allowed TMR to designate the class of employee—mechanic or mechanic's helper—that would receive each overtime offer, the shift from white employees holding one job classification to a white employee in a different job classification is at least circumstantial evidence of discrimination. The shift prevented Hart, the next-senior mechanic, from receiving overtime already offered to every senior white employee sharing his job classification. TMR has never contended that Kalk was more senior than Hart; in fact, counsel conceded at oral argument that nothing in the record explains the shift between categories of employee. Thus TMR failed to advance a nondiscriminatory reason for what circumstantial evidence shows to be a discriminatory employment action.

### III

The district court's judgment is VACATED solely as to Hart's discrimination claim against TMR, and the case is REMANDED for further proceedings on that single claim. In all other respects, the judgment is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*