**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2008[*]
Decided August 21, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 06-3691

| | |
|---|---|
| BRANDON WEBB, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Western Division. |
| *v.* | |
| | No. 03 C 50177 |
| CHRYSLER LLC, | |
| *Defendant-Appellee.* | Philip G. Reinhard, |
| | *Judge.* |

**O R D E R**

Brandon Webb sued his employer, Chrysler LLC (then known as DaimlerChrysler), for retaliating against him because he complained of sexual harassment, sex discrimination, and race discrimination against a coworker. The district court granted summary judgment for Chrysler, reasoning that Webb had failed to show the required causal connection

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

between his protected activities and the adverse actions taken by his employer against him.[1]

On appeal Webb, appearing pro se, presents a litany of grievances against the lawyers who represented him in the district court, but he never addresses the district court's ruling in anything but the most cursory fashion. Although we liberally construe pro se filings, *see, e.g., McCready v. Ebay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006), pro se litigants are not free to ignore Federal Rule of Appellate Procedure 28, which requires, among other things, that the brief contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(A); *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). In other words, "a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson*, 241 F.3d at 545. Webb's brief, which does not even challenge the district court's reasons for granting summary judgment to Chrysler, can only barely be said to contain a generalized assertion of error and does not cite any authority at all. On March 31, 2008, after Webb had twice missed the deadline to file his opening brief, we directed him to "set forth his arguments regarding why he believes the district court's order was in error in a brief that complies with federal and local rules." Webb failed to do so, and "we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.*

DISMISSED.

---

[1]The district court analyzed Webb's retaliation claim under Title VII, 42 U.S.C. § 2000e-3, but rejected a retaliation claim under 42 U.S.C. § 1981 because, at the time, our precedent precluded § 1981 claims alleging retaliation for opposing racial discrimination against others. *See Hart v. Transit Mgmt. of Racine, Inc.*, 426 F.3d 863, 866 (7th Cir. 2005). We overruled that aspect of *Hart* in *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403 (7th Cir. 2007), *aff'd* 128 S. Ct. 1951 (2008). Nevertheless, remand is unnecessary because the district court's analysis of the retaliation claim under Title VII applies equally to the claim under § 1981. *See Humphries*, 474 F.3d at 404.