NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided November 3, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2022

| | |
|---|---|
| SCOTT BASKEN, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> TEAMSTERS LOCAL UNION NO. 43 and <br> PROFESSIONAL TRANSIT MANAGEMENT OF <br> RACINE, INC., <br>     *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Eastern District of <br> Wisconsin. <br><br> No. 06-C-1094 <br><br> Lynn Adelman, <br> *Judge*. |

**O R D E R**

Scott Basken, a city employee, appeals from the dismissal on issue-preclusion grounds of retaliation claims he filed against his employer and labor union, and from the grant of summary judgment on his remaining claims. We affirm.

---

[*] Professional Transit Management of Racine did not file a brief in this appeal. After examining the other parties' briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Basken is employed as a mechanic for the Belle Urban System (BUS), Racine, Wisconsin's public transit agency.  In 2001, Basken and Dennis Hart, another mechanic, first sued their union, Teamsters Local Union No. 43, and Transit Management of Racine (TMR)[1], alleging that Hart, who is black, was denied overtime on account of race.  They alleged that the collective-bargaining agreement between the union and TMR provided that overtime should be rotated among mechanics, rather than offered on the basis of seniority, and that TMR was assigning it based on seniority to keep Hart from receiving desirable overtime assignments.  They also alleged that Basken, who is white, received worse work hours and written reprimands in retaliation for supporting Hart's claim.  The district court dismissed Basken's retaliation claim, reasoning that under 42 U.S.C. § 1981, Basken could sue only if he suffered discrimination based on *his* race.  The district court later granted summary judgment for the defendants against Hart, stating that Hart was not similarly situated to other mechanics whose higher seniority privileged them under the CBA for overtime assignments.  Basken appealed, and in relevant part, we affirmed.  *See Hart v. Transit Mgmt. of Racine, Inc.*, 426 F.3d 863, 866-67 (7th Cir. 2005), *overruled on other grounds by Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 402 (7th Cir. 2007).

In 2006, Basken filed this second suit, claiming again that the union and Professional Transit Management (PTM) retaliated against him for participating in Hart's earlier suit. Basken claimed that PTM continued TMR's practice of assigning overtime in an "unfair manner," and that his grievances were denied "based on" the decision in the prior suit. Basken also claimed that he asked the union to renegotiate the CBA to rotate overtime among mechanics (rather than to assign it by seniority) but that the union refused.  He claimed that both PTM and the union ignored his grievances, and that the union, in retaliation for his prior suit, failed to bargain for changes he proposed to the overtime policy.

The district court again rejected Basken's claim.  The court first ruled that to the extent Basken's claims concerned events pre-dating the previous suit, they were barred by claim preclusion.  The court then ruled that Basken's claims of overtime grievances against PTM and the union were barred by the doctrine of issue preclusion because both suits concerned the proper allocation of overtime under the CBA. But the court allowed Basken to proceed on claims that PTM retaliated by giving him worse work assignments, and that the union retaliated by not pursuing his proposed modifications to the CBA.  Basken later voluntarily dismissed the work-assignment claim.  As for the CBA claim, the court

---

[1]At the time of the previous suit, TMR held the contract to manage BUS for Racine. Professional Transit Management now holds that contract and is a party to the collective bargaining agreement that TMR negotiated with the union.

ultimately granted summary judgment for the union because Basken failed to substantiate his allegation that the union treated him arbitrarily, discriminatorily, or in bad faith.

On appeal, Basken argues first that his claims about the grievances were not barred by issue preclusion. In general terms, he asserts only that the prior decision has no preclusive effect over this case because "the issues were uncontested and had not been ruled on." He goes on to state that "[e]vidence from Hart's appeal . . . undoubtedly proves that overtime had been rotated by seniority."

But Basken is incorrect; his challenge to the overtime assignments is precluded. Issues are precluded when they have been previously litigated and affect the outcome of the prior case. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008); *King v. Burlington Northern & Santa Fe Ry. Co.*, 538 F.3d 814, 818 (7th Cir. 2008). Basken was a party to the prior suit. Moreover, the district court interpreted Article 27 of the CBA in the prior case, and Basken seeks to relitigate the meaning of that Article in this suit.

Basken also argues that there were genuine issues of material fact that should have precluded summary judgment. He seems to suggest that summary judgment was inappropriate with respect to the issuance of overtime. Basken misapprehends the procedural posture at which his claim was rejected. The issue of overtime was resolved at the pleading stage and never reached summary judgment. The lone issue that proceeded to summary judgment was Basken's claim that the union retaliated against him by refusing to press for his changes to the CBA. But he mounts no challenge on appeal to that claim.

Accordingly, the judgment of the district court is

AFFIRMED.