NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009[*]
Decided March 5, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2919

| | |
|---|---|
| ROBERT DINKINS and KENNETH SANDERS, | Appeal from the United States District Court for the Central District of Illinois. |
| *Plaintiffs-Appellants,* | No. 2:06-cv-02052-HAB-DGB |
| *v.* | Harold A. Baker, *Judge*. |
| BUNGE MILLING, INC., et al., | |
| *Defendants-Appellees.* | |

**O R D E R**

Robert Dinkins and Kenneth Sanders, who are both African American, sued their union for racial discrimination and their employer, Bunge Milling, Inc., for racial discrimination and retaliation. *See* 42 U.S.C. § 2000e to 2000e-17; 42 U.S.C. § 1981. The district court dismissed Mr. Sanders' retaliation claim against Bunge and granted summary judgment to the defendants on the remaining claims. We affirm.

---

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Mr. Dinkins and Mr. Sanders, unskilled workers with checkered disciplinary and performance histories, claim they were denied promotions and access to an apprenticeship program because of their race. They both applied for promotion to skilled positions; white applicants were chosen instead. Mr. Dinkins also sought entry to an apprenticeship program for which a top-third score on the Flanagan Industrial Test, a written exam administered by a local community college, was a prerequisite. Mr. Dinkins' middle-third score disqualified him; two white applicants who scored in the top third were ultimately selected.

Mr. Dinkins and Mr. Sanders also allege that they were unfairly disciplined on account of their race: each was frequently cited for violating plant rules, and they were both censured for under-loading a rail car (Mr. Dinkins, who yelled at a supervisor who reprimanded him, was suspended without pay for 15 days; Mr. Sanders received a written warning). They believe that white employees would not have been disciplined for similar conduct and claim that the rail-car sanctions were retaliation for testifying at a former co-worker's unemployment hearing about discrimination he had faced. Finally, they assert that racist union leaders refused to pursue their grievances against the company.

Mr. Dinkins and Mr. Sanders initially grounded their action in Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e to 2000e-17, but amended their complaint, hoping to proceed under 42 U.S.C. § 1981 as well. The district court, however, confined its consideration to the plaintiffs' Title VII claims. The court dismissed all claims against the union on the ground that the plaintiffs failed first to file Equal Employment Opportunity Commission charges; for the same reason the court dismissed Mr. Sanders' claims against Bunge (however, Mr. Dinkins had filed an EEOC charge against Bunge). *See id.* § 2000e-5. When the plaintiffs protested that the court had not addressed their newly added § 1981 claims, the court reconsidered its order and agreed that Mr. Dinkins and Mr. Sanders could proceed under § 1981 against both defendants. Relying on our then-governing precedent, *see Hart v. Transit Mgmt. of Racine, Inc.*, 426 F.3d 863, 866 (7th Cir. 2005), the court clarified that retaliation was beyond the scope of § 1981 and, thus, limited the plaintiffs' claims to failure to promote, exclusion from the apprenticeship program, discriminatory discipline and the union's failure to represent them.

After further proceedings, the district court granted summary judgment to the defendants. Applying the indirect test for racial discrimination, the district court determined that the plaintiffs had not established a prima facie case of race discrimination against Bunge because they could not show that similarly situated white employees received more favorable treatment: the white candidates chosen for the skilled jobs possessed relevant experience that the plaintiffs lacked; the white applicants selected for the apprenticeship program achieved higher test scores than Mr. Dinkins; and there was no evidence that any other worker of similar rank, with a similar citation record, received less

discipline for similar conduct. Turning to the retaliation claim against Bunge, the court observed that this circuit's case law had recently changed to allow retaliation claims to be pursued under § 1981, *see CBOCS West, Inc. v. Humphries*, 128 S. Ct 1951, 1954  (2008), *aff'g* 474 F.3d 387 (7th Cir. 2007), but concluded that the plaintiffs had failed to establish a prima facie case because they produced no evidence of a causal connection between the protected activity and the discipline. Lastly, the court ruled that the plaintiffs could not make out a prima facie case of discrimination against the union because the union did in fact often take up their grievances.

On appeal Mr. Dinkins and Mr. Sanders contend that the Supreme Court's decision in *Humphries* requires reinstatement of their § 1981 claims of retaliation for complaining about the discrimination faced by their co-worker. We agree that this new interpretation of federal law is given retroactive effect in cases still open on direct review; in other words, "we apply the law as it now is," *Molnar v. Booth*, 229 F.3d 593, 599 (7th Cir. 2000) (citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). And that is what the district court did in its summary judgement ruling--it noted that *Humphries* had overruled *Hart* and proceeded to explain why the plaintiffs had not established a prima facie case of retaliation against Bunge.

Mr. Dinkins and Mr. Sanders next challenge the district court's management of discovery. As best we can discern, they argue that the district court improperly denied them access to relevant documents and disclosures by issuing a protective order, *see* Fed. R. Civ. P. 26(c), that prohibited the disclosure of any confidential information except as necessary for litigation of this case. We review the court's ruling for abuse of discretion, *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008), and will overturn it only if the appellants suffered actual and substantial prejudice, *Reynolds v. Jamison*, 488 F.3d 756, 761 (7th Cir. 2007). Mr. Dinkins and Mr. Sanders, however, have not shown how the protective order may have prejudiced them. The protective order did not deny them access to any documents; it merely limited their extra-judicial use of them. Consequently, we cannot say that the district court abused its discretion in issuing the protective order.

Mr. Dinkins and Mr. Sanders also assert that the district court's summary judgment analysis overlooked evidence sufficient to create a genuine issue of material fact. They assert that unspecified fact issues were raised, for instance, by statements contained in requests they filed for admission--requests that they believe should have been admitted into evidence after the defendants failed to answer them within 30 days. *See* Fed. R. Civ. P. 36(a)(3). Yet such requests are admitted only if the defendants fail within 30 days to file an answer or *objection*, and here Bunge and the union did object. *See id.* Moreover, the requests for admissions were mailed only nine days before the close of discovery, and a party is not required to give any response to such untimely requests. *See Laborer's Pension Fund v. Blackmore Swere Constr., Inc.*, 298 F.3d 600, 605-06, n.2 (7th Cir. 2002). Mr. Dinkins and Mr.

Sanders further submit that the court disregarded Mr. Dinkins' deposition testimony, which, they believe, highlights a fact issue about the Flanagan Industrial Tests' discriminating effects. In that deposition, Mr. Dinkins said he believed the exam was used to prevent African Americans from qualifying for the apprenticeship program. But speculative and conclusory claims are not enough to establish a genuine issue for trial. *See Payne v. Pauley*, 337 F.3d 767, 772-73 (7th Cir. 2003).

Lastly, to the extent that Mr. Dinkins and Mr. Sanders attack the district court's summary judgment grant in only general terms, we affirm the court's disposition for substantially the reasons the court gave. *See Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1100 (7th Cir. 2008).

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED