**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALVIN PARKER,

　　　　　Plaintiff-Appellant,

v.

ALBINA GOSMANOVA, M.D.;
OU MEDICAL CENTER;
JESUS MEDINA, M.D.,

　　　　　Defendants-Appellees.

No. 08-6273
(D.C. No. 5:07-CV-00837-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

In this civil rights action brought pursuant to 42 U.S.C. § 1983,

plaintiff-appellant Alvin Parker, an Oklahoma prisoner proceeding pro se, appeals

the district court's orders granting summary judgment in favor of

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants-appellees Oklahoma University Medical Center (Medical Center), Albina Gosmanova, M.D., and Jesus Medina, M.D., on his claim that defendants provided deficient medical care to him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Mr. Parker is also appealing the district court's denials of his motion for leave to file a second amended complaint and his request for appointment of an expert witness. Because we have determined that this appeal is frivolous, we deny Mr. Parker's motion for leave to proceed on appeal without prepayment of fees, and we dismiss this appeal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## I. Background.

Mr. Parker is an inmate at the Dick Connor Correctional Center in Hominy, Oklahoma. The magistrate judge accurately summarized the background of this case as follows:

> Plaintiff states that he requested prison medical services for a swelling on the right side of his neck. The prison doctor ordered a thyroid scan and determined that the swelling was a solid vascular mass in the right lobe of Plaintiff's thyroid gland. Because the prison doctor did not know the cause of the swelling, Plaintiff was referred to Defendant Gosmanova at the OU Medical Center. Defendant Gosmanova examined the swollen area and ordered a needle biopsy and another thyroid scan, both of which were inconclusive as to whether the mass was malignant. Defendant Gosmanova informed Plaintiff that the mass would have to be surgically removed for her to determine whether the mass was malignant. Plaintiff agreed, signed a consent form, and Defendant

-2-

Medina removed the mass.[1]  Plaintiff states that on May 11, 2007, the prison doctor told him that the toxicology report showed that the swelling was a non-malignant, benign cyst.

R., Doc. 85 at 2 (citations to record omitted; footnote added).

## II.  Mr. Parker's Arguments on Appeal.

In his opening brief, Mr. Parker has asserted the following allegations in support of his claim that defendants provided deficient medical care to him in violation of his Eighth Amendment right to be free from cruel and unusual punishment:

> In the case at bar, appellant desired to file a second amended complaint to allege "more particularized facts."  Particularly, appellant wanted to remove allegations of the first amended complaint that referenced Defendants' failure to perform other less invasive tests as error. . . .  Appellant's rephrased claim was that the Defendants failed to treat a serious medical condition (appellant's right thyroid mass) properly.  This was in accordance with this Court's recognition that a medical professional's failure to treat a serious medical condition properly constitutes deliberate indifference. . . .
>
> Moreover, the rephrased facts clearly would entitle appellant to prevail on his Eighth Amendment claim where the allegations are evidence that the Defendants responded to an obvious risk with treatment that was patently unreasonable. . . .
>
>     . . . .

---

[1]     According to an affidavit signed by Dr. Medina, Mr. Parker's "right thyroid gland" was surgically removed in order to remove the vascular mass.  *See* R., Doc. 70, Ex. 2 at 1, ¶ 3.  This procedure is called a "right thyroid lobectomy." *Id.* at 2, ¶ 8.

[T]he disputed facts in this case, as rephrased, showed that Defendants[] failed to provide a course of treatment consistent with the symptoms they recognized.

. . . .

Because the results of the needle biopsy and thyroid scans were equivocal, the proper treatment for the symptoms recognized was the administration of thyroid hormone to observe whether the thyroid mass shrinks over the ensuing 6 to 12 months.

. . . .

In the case at bar, the undisputed facts showed that the Defendants ordered treatment (surgical removal of appellant's thyroid mass) [that was] inconsistent with the symptoms presented (equivocal test results). . . . The requisite state of mind was met here because the Defendants did not provide a level of care consistent with the symptoms presented by the appellant.

. . . .

As shown above, if appellant proved through the testimony of [an] expert witness that a different course of treatment was not merely available, but was the treatment under prevailing professional norms for appellant's symptoms, the evidence would establish deliberate indifference by the Defendants to appellant's serious medical condition.

Aplt. Opening Br. at 3, 3a, 3b, 3c, 3d, 3g.

As set forth below, we have concluded that these allegations are frivolous because they lack an arguable basis in law and fact under the controlling Eighth Amendment standards for prison medical care. As a result, we must deny

Mr. Parker's motion for leave to proceed on appeal without prepayment of fees, and this appeal must be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## III. Analysis.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). The controlling standard is set forth in Federal Rule Civil Procedure 56(c), which provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *McKnight*, 149 F.3d at 1128 (quotation omitted). Because Mr. Parker is proceeding pro se, we also liberally construe his pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But a mere "complaint that a prison physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106. Likewise, a "prisoner

-5-

who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).  Instead, to establish an Eighth Amendment violation based on deficient medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

In the context of prison medical care, the deliberate indifference standard "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotation omitted).  To satisfy the objective component, a prisoner must show that the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation omitted).  To satisfy the subjective component, a prisoner must "present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751.  Specifically, the prisoner must show that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.*  This standard is "akin to recklessness in the criminal law," and it requires a conscious disregard of a substantial risk of serious harm.  *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotation omitted).  We have also recognized, however, that "a jury may infer conscious disregard" when a prison doctor "responds to an obvious risk with treatment that is patently unreasonable." *Id.* at 1232.  Nonetheless, "the subjective component presents a high evidentiary

-6-

hurdle to [prisoners]," and it "is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Id.*

Before proceeding to the merits of Mr. Parker's Eighth Amendment claim, we note that the Medical Center and the individual doctors, as employees of the Medical Center, are subject to liability under § 1983 for the Eighth Amendment violation alleged in this case, either as independent state actors for a state university, or because the Medical Center contracted with the State of Oklahoma to provide medical care to state prisoners such as Mr. Parker, *see West v. Atkins*, 487 U.S. 42, 54-57 (1988) (holding that a private doctor treating prisoners under a contract with state prison authorities acted under color of state law for purposes of § 1983 suit alleging Eighth Amendment violation). But we also note that the Medical Center cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211 (10th Cir. 2007) ("It is true that § 1983 liability for an entity cannot be predicated on *respondeat superior*."). Instead, Mr. Parker must establish the Medical Center's independent liability based on a wrongful policy or custom. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Further, the Medical Center "may not be held liable [under § 1983 if] there was no underlying constitutional violation by any of its [employees]." *Id.*

With regard to Mr. Parker's claims against the individual doctors, the district court concluded that Mr. Parker's allegations and evidence fell short of establishing an Eighth Amendment violation, reasoning as follows:

> Plaintiff also objects to [the magistrate judge's] conclusion that he has failed to establish a genuine dispute of material fact pertinent to the issue whether his treating physicians were deliberately indifferent to serious medical needs. Plaintiff argues that "prevailing professional norms" dictated a different course of treatment and that a resort to surgery was premature. Plaintiff presents evidence that other physicians would have recommended . . . the administration of thyroid hormone and continued observation of the thyroid nodule before determining whether surgery was necessary.

> On the other hand, Dr. Gosmanova, who is board certified in internal medicine and a fellow in endocrinology, has testified why removal of Plaintiff's thyroid nodule was consistent with "the overwhelming recommendation of [her] practice." Similarly, Dr. Medina, who has a fellowship in head and neck oncology surgery and is a professor of otorhinolaryngology at the Oklahoma University Health Sciences Center, has testified that Dr. Gosmanova's "diagnosis and referral for surgery were appropriate, and well within the standard of care for a physician" and that "the operation performed was a necessary operation in order to determine if cancer did exist[]." Regardless whether the opinions of Dr. Gosmanova and Dr. Medina are medically correct, the evidence is undisputed that Plaintiff's treating physicians exercised their professional judgment in deciding to proceed with a right thyroid lobectomy. Assuming an error in judgment occurred, even a serious one, Plaintiff's proof would not amount to a constitutional claim of medical mistreatment.

> In short, the Court fully concurs in [the magistrate judge's] conclusion that there is no evidence to suggest Dr. Gosmanova and Dr. Medina consciously disregarded a substantial risk of harm to Plaintiff's health. Therefore, Plaintiff cannot establish an Eighth Amendment claim under the standard of *Estelle v. Gamble*, 429 U.S. 97 (1976), and its progeny.

-8-

R., Doc. 87 at 3 (citations to record omitted; second alteration in original).

We agree with the district court that Mr. Parker failed to establish a genuine issue of material fact for trial under the subjective prong of the deliberate indifference standard. In fact, we conclude that Mr. Parker's claim that the individual doctors acted with a culpable state of mind in violation of the Eighth Amendment lacks an arguable basis in law and fact and is therefore frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact").

As set forth above, Mr. Parker claims that the doctors misdiagnosed the risk arising from his thyroid mass, and that, as a result, they provided improper and overly-invasive treatment when they recommended surgery. But our cases unequivocally establish that "a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim." *Self*, 439 F.3d at 1234. Indeed, in *Self*, we specifically explained that if a prisoner has symptoms that could suggest either a cancerous condition or a non-cancerous condition, "and the [prison] doctor mistakenly treats [the condition as non-cancerous], the doctor's culpable state of mind is not established even if the doctor's medical judgment may have been objectively unreasonable." *Id.* Conversely, there surely is no deliberate indifference when, as occurred in this case, the medical professionals err on the

cancer side of the equation out of an abundance of caution. Further, an inference of deliberate indifference cannot be based on the type of treatment provided to Mr. Parker because there is simply no basis for concluding that recommending surgery was "patently unreasonable" as our cases require. *See Self*, 439 F.3d at 1232. Moreover, as explained by the district court, even if "Plaintiff [could] prove [that] a different course of treatment was available and would have been recommended by other medical professionals, this evidence would not establish 'deliberate indifference' by Dr. Gosmanova and Dr. Medina." R., Doc. 87 at 4.

Given our disposition under the subjective component of the deliberate indifference standard, we do not need to discuss the objective component. In addition, because there is no Eighth Amendment liability for the individual doctors, we do not need to separately discuss the liability of the Medical Center.

Finally, we see no abuse of discretion by the district court in denying Mr. Parker's motion for leave to file a second amended complaint and his request for appointment of an expert witness. In light of the undisputed facts regarding the comprehensive medical treatment that defendants provided to Mr. Parker, and the frivolous nature of Mr. Parker's allegations regarding the individual doctors' state of mind, it would clearly have been futile to allow an amendment or to appoint an expert.

Because Mr. Parker's Eighth Amendment claim and this appeal are frivolous, we DENY his motion for leave to proceed on appeal without prepayment of fees, and we DISMISS this appeal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). We remind Mr. Parker of his obligation to make immediate payment of the remaining balance of the appellate filing fee, which is currently $363.53. We also note that this dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge