**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

               Petitioner-Appellant,

    v.

GREG PROVINCE, Warden,

               Respondent-Appellee.

No. 08-6223

Western District of Oklahoma

(D.C. No. 5:08-CV-00769-D)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Alvin Parker is a state prisoner currently serving a sentence for second degree murder. Mr. Parker appealed that sentence multiple times; after the ninth appeal, the Oklahoma state court imposed sanctions, including the revocation of good-time credits. 57 Okla. Stat. § 566(C). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241[1]—not to challenge his original sentence, but to challenge those sanctions—on the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Mr. Parker originally filed his petition using a § 2254 form, but the district court treated his petition as a § 2241 petition in accordance with *Hamm v. Saffle*, 300 F.3d

grounds that the Oklahoma state court violated his due process rights by imposing sanctions without sufficient evidence that his appeal was, in fact, frivolous. The district court denied his petition. We granted COA on whether there was sufficient evidence to justify the trial court's imposition of sanctions under Oklahoma law in a manner consistent with the Fourteenth Amendment, and we now reverse.

## I. BACKGROUND

Mr. Parker is currently serving a 199-year sentence for second degree murder. On February 22, 2008, he filed an application for post-conviction relief in the District Court of Oklahoma County, claiming to have newly discovered evidence that a key prosecution witness had testified falsely at his 1990 trial. At that trial, Glenn Briggs, Mr. Parker's accomplice, had told the jury that the state had agreed to reduce his murder charge to grand larceny in exchange for his testimony. Eighteen years later, however, at Mr. Parker's parole hearing, the state told the parole board that no deal had been made with Mr. Briggs in exchange for the testimony. Mr. Parker thereupon petitioned for post-conviction relief, but the state court rejected his request, finding it to be frivolous.

This was not Mr. Parker's first application for post-conviction relief to the District Court of Oklahoma County—it was his ninth. In fact, the court had sanctioned Mr. Parker on three prior occasions for filing frivolous pleadings. The court found that Mr. Parker's current application lacked merit because "prosecutorial misconduct and the

_____

1213, 1216 (10th Cir. 2002).

unreliability of the witnesses at his trial are not new issues" and that "[t]hese claims have been *extensively* litigated and *repeatedly* denied on direct, appellate and collateral review." Order Imposing Sanctions at 1. Oklahoma law allows the court to impose certain specified sanctions on inmates who file frivolous applications. 57 Okla. Stat. § 566(C). In light of Mr. Parker's continuing to file frivolous applications despite being warned and sanctioned in the past, the court imposed the following sanctions on Mr. Parker: (1) $3000 to cover costs of attorney's fees and costs, court clerk's costs, and the court's time and expense; (2) the loss of 720 earned credits; and (3) the removal of Mr. Parker's non-essential personal property for nine months. Mr. Parker appealed the imposition of sanctions to the Oklahoma Court of Criminal Appeals, but his appeal was denied.

It is this imposition of sanctions, and not the underlying claim of prosecutorial misconduct and witness unreliability, for which Mr. Parker now seeks habeas relief in the federal courts. He argues that the evidence was insufficient to support the imposition of sanctions under 57 Okla. Stat. § 566(C), amounting to a violation of his due process rights under the Fourteenth Amendment. Specifically, he contends that the state court's finding that his application was "frivolous" was based on the incorrect belief that his claim was barred by res judicata. In rejecting Mr. Parker's petition for post-conviction relief, the state court said, "Petitioner's sole proposition of error is not proper for consideration because it has been previously raised and rejected by the Court of Criminal Appeals on direct appeal. The doctrine of *res judicata* bars further consideration of this claim."

Order Denying Petitioner's Ninth Application for Post Conviction Relief 8. But Mr. Parker had never before raised his current claim that the prosecutor had allowed Glenn Briggs to offer false testimony—indeed, he had only just learned of the alleged disparity between Mr. Briggs's trial testimony and statements he later made to the parole board. Mr. Parker had raised an issue of prosecutorial impropriety regarding a witness's testimony on his direct appeal, but, as Mr. Parker informed the state court in his reply brief opposing sanctions, this had been in regard to *another* witness, Oscar Henry Branham. *See* Reply Br. 1–3. Nevertheless, finding that Mr. Parker's petition for post-conviction relief was barred by res judicata and therefore frivolous, and finding that Mr. Parker had a long history of filing frivolous appeals, the trial court imposed sanctions.

Mr. Parker challenged the imposition of sanctions before the Oklahoma Court of Criminal Appeals. In order to show that his current claim had not been resolved on direct appeal, he provided a side-by-side comparison of his post-conviction application, in which he challenged the testimony of Mr. Briggs, and his original direct appeal brief, in which he challenged only the testimony of Mr. Branham. The OCCA nevertheless upheld the sanctions. It repeated the trial court's finding that Mr. Parker's "claims of prosecutorial misconduct and the unreliability of the witnesses at his trial are not new issues and that these claims have been '*extensively* litigated and *repeatedly* denied on direct, appellate, and collateral review.'" Order Affirming Sanctions 2. It did not address Mr. Parker's contention that he had in fact never raised his present claims and that the trial court had erred in finding the claims barred by res judicata.

-4-

Mr. Parker then sought habeas relief from the imposition of sanctions in federal court, again claiming that there was no evidence supporting sanctions because the trial court erred in finding the claim barred by res judicata. The district court found that the issue of whether res judicata applied was "unnecessary to the disposition of this case, which does not concern the merits of the order denying Petitioner's ninth application." Dist. Op. 3, n.3. The court found that there was sufficient evidence supporting the imposition of sanctions, as Mr. Parker had "both a lengthy litigation history with respect to post-conviction challenges and a history of sanctions related to such challenges," had "repeatedly filed frivolous claims," and had "ignored the previous admonishments and sanctions." *Id.* at 3. Mr. Parker's arguments that res judicata should not have applied were beside the point, as Mr. Parker was not collaterally attacking the state district court's denial of his application, but rather the sanctions imposed alongside that denial. The district court denied Mr. Parker's request for habeas. We then granted Mr. Parker's request for COA.

## II. DISCUSSION

"[A]n inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (citations omitted). In evaluating whether or not the evidence before the state court was sufficient for justifying sanctions under the Oklahoma statute, the district court adopted the "some evidence" standard that we use when a prisoner challenges a prison disciplinary

-5-

conviction that revokes earned credits. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) ("[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record.") (citations omitted); *Mitchell*, 80 F.3d at 1445. The parties dispute whether this standard, which we use when evaluating revocation of good time credits made by prison disciplinary boards, should also apply to revocations made by state courts. The state focuses on the proceeding's effect, which in both cases is revocation of good time credits, and argues that the standards of review should be the same; Mr. Parker focuses on the tribunal conducting the proceeding, which in one case is a prison disciplinary board and in the other is a state court, and argues that our review of the latter should be more demanding. We need not resolve this dispute, however, as the "some evidence" standard is not even implicated when there is *no* evidence supporting the state court's finding that Mr. Parker's appeal was frivolous.

The state tells us in its brief that the fact that Mr. Parker "had been previously sanctioned and warned and that the issues raised in the 9[th] application to the District Court were procedurally barred" constitutes sufficient evidence for sanctions under this standard. Aple. 10. It also refers us to the district court's order, in which that court cited evidence of Mr. Parker's "lengthy litigation history with respect to post-conviction challenges and a history of sanctions related to such challenges." Dist. Op. 3. In doing so, the state, like the previous courts that have considered Mr. Parker's sanctions, fails to

address Mr. Parker's primary argument: that there was no evidence that Mr. Parker's claim was frivolous and therefore no grounds to impose sanctions under § 566(C) in the first place.

The Oklahoma statute allows a court to impose sanctions if "one or more of the causes of action are frivolous or malicious." 57 Okla. Stat. § 566(C). A finding that the claim was either frivolous or malicious is therefore a necessary precondition to sanctions. The statute defines "frivolous" as "having no reasonable basis in law or fact, or lacking any good faith legal argument for the extension, modification, or reversal of existing law, or being maintained solely or primarily for delay or to harass the party filed against." 57 Okla. Stat. § 566(B)(1). It defines "malicious" as "filing numerous actions, or actions brought in bad faith on de minimus issues." 57 Okla. Stat. § 566(B)(3). The trial court based its sanctions on the grounds that Mr. Parker's most recent petition was "frivolous," as it concerned "matters that have been previously considered and ruled on." Order Imposing Sanctions 2.

The problem, as Mr. Parker has pointed out several times, is that his current claim had *not* been previously considered and ruled on. Though the trial court found his claim barred by res judicata, by all indications that was an erroneous conclusion. Mr. Parker had never before claimed any impropriety regarding the testimony of Mr. Briggs; indeed, he only brought that claim once new evidence had surfaced in a newspaper article. Under Oklahoma law, courts "will apply the doctrines of *res judicata* and waiver where a claim either was, or could have been, raised in the petitioner's direct appeal." *Browning*

*v. State*, 144 P.3d 155, 156 (Okla. Crim. App. 2006). The state does not contest that Mr. Parker had never before challenged the testimony of Mr. Briggs. Instead the state relies entirely on Mr. Parker's long litigation history and previous sanctions. It is understandable that officials would become exasperated after a long string of frivolous proceedings, but that history does not constitute evidence that Mr. Parker's current argument was repetitive or otherwise frivolous. Mr. Parker has never made his current claim before, nor does it seem that Mr. Parker would have been able to previously raise it on an earlier occasion, as it was based upon new evidence.

The Oklahoma statute, 57 Okla. Stat. § 566(C), creates a two-step process for imposing sanctions: the court must first find that the claim is either frivolous or malicious, and only then does it have the discretion to sanction the petitioner, presumably considering matters such as his litigation history and response to past sanctions. If there is no basis for finding the claim frivolous or malicious, the sanctions are unwarranted, no matter how lengthy the litigation history or how unresponsive the petitioner has been to past sanctions. As Mr. Parker has shown that his ninth petition presented a new claim, and as the state has given no argument for why that new claim was nonetheless precluded by res judicata, we agree with Mr. Parker that evidence of past frivolous claims alone is not sufficient to justify the imposition of sanctions under Oklahoma law in the present case.

### III.  CONCLUSION

The state court violated Mr. Parker's due process rights under the Fourteenth

-8-

Amendment by imposing sanctions under 57 Okla. Stat. § 566(C) for filing a frivolous claim when there was no evidence that the claim was indeed frivolous.  We therefore **REVERSE** the district court's decision denying Mr. Parker's petition for a writ of habeas corpus, and we **REMAND** the case to the district court with instructions to grant the writ as to the imposition of Mr. Parker's sanctions.

Entered for the Court


Michael W. McConnell
Circuit Judge