FILED
United States Court of Appeals
Tenth Circuit

May 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

Plaintiff - Appellant,

v.

ALBINA GOSMANOVA, Doctor of
Medicine; JESUS MEDINA, Doctor of
Medicine, OU MEDICAL CENTER,

Defendants - Appellees.

No. 10-6044

(W.D. Oklahoma)

(D.C. No. 5:07-CV-00837-D)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

In this appeal Alvin Parker attempts to mislead (defraud?) this court into

believing that the defendants committed a fraud on the district court. His attempt

fails.

Mr. Parker sued the defendants in the United States District Court for the

Western District of Oklahoma under 28 U.S.C. § 1983, alleging that they violated

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his rights under the Eighth Amendment to the United States Constitution (as incorporated by the Fourteenth Amendment to apply to the States). The gist of the claim is that while he was a prisoner in state custody, he was improperly treated for a benign thyroid tumor that was surgically removed. The district court granted the defendants summary judgment, and this court affirmed. *See Parker v. Gosmanova*, 335 F. App'x 791 (10th Cir. 2009).

On January 28, 2010, Mr. Parker filed a motion "pursuant to Rule 60(b)," R., Vol. 1 at 232, seeking to set aside the judgment against him. He contended that he could have defeated summary judgment if he had been able to show the court "that the physician who interpreted the biopsy test [of his thyroid] had recommended that additional materials be submitted in nine to twelve months if clinicalpathological persists." *Id.* He asserted that this recommendation did not appear in the copy of the pathology report attached to the defendants' motion for summary judgment and that "it was not until the plaintiff had compared the defendants['] provided document closely to the one from the Martinez report that he discovered and understood the distinction[;] by then the plaintiff's case was being affirmed on appeal by the 10th Circuit." *Id.* at 233; *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (authorizing district courts to order prison officials to investigate civil-rights complaints and prepare a report for submission to the court).

The district court denied the motion as untimely because it was based on a claim of newly discovered evidence and was filed more than one year after entry of judgment on November 10, 2008. *See* Fed. R. Civ. P. 60(c). On appeal Mr. Parker contends that the one-year limitations period does not apply because he is alleging that failure to provide a correct copy of the pathology report constituted a fraud on the court. This claim fails on three counts. First, Mr. Parker filed his motion as one "pursuant to Rule 60(b)," R., Vol. 1 at 232; but a motion for relief from judgment based on fraud on the court is not a motion under Rule 60(b), *see* Fed. R. Civ. P. 60(d)(3); *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002).

Second, even were we to construe Mr. Parker's pro se motion as an independent action for fraud on the court, his allegations do not state a claim of fraud on the court. As we stated in *Buck*,

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

281 F.3d at 1342 (internal quotation marks omitted). Mr. Parker did not allege the necessary egregious misconduct. Indeed, a footnote in his motion states, "[W]hether this omission was merely a copying error is irrelevant." R., Vol. 1 at 233 n.1.

Third, if there was any fraud perpetrated on the court in this case, it was apparently by Mr. Parker, not the defendants. Although he claims that the pathology report attached to the defendants' motion for summary judgment did not contain the pathologist's recommendation for follow-up, the attachment to the motion in the record on appeal contains the recommendation, and Mr. Parker acknowledges that the complete pathology report was contained in the Martinez report, which was served upon him before the motion for summary judgment. Most importantly, Mr. Parker's response to the defendants' motion for summary judgment devotes to the pathology report a paragraph that includes the following sentence: "Additional materials were recommended be submitted in 6-9 months if clinical suspicious persists and clinicopathologic correlation." R., Vol. 1 at 172. Mr. Parker's assertion that he did not know of the pathologist's recommendation until the case was on appeal is obviously a fabrication.

We AFFIRM the district court's denial of Mr. Parker's motion. We DENY his motion for leave to proceed *in forma pauperis*. Both the district court's denial of Mr. Parker's motion and our affirmance of that denial COUNT AS STRIKES for purposes of 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-