FILED
United States Court of Appeals
Tenth Circuit

January 26, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALVIN PARKER,

       Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

       Respondent - Appellee.

No. 10-6143
(W.D. Okla.)
(D.C. No. 5:08-CV-00769-D)

ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*
AND DISMISSING APPEAL

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Alvin Parker, an Oklahoma prisoner proceeding *pro se*,[1] is quite familiar with the

procedures of this Court having filed more than twenty appeals of one sort or another

since his conviction for second-degree murder in 1990. His latest attempt challenges the

district court's denial of his motion to find the Oklahoma Court of Criminal Appeals

(OCCA) in civil contempt of an order granting him habeas relief from the imposition of

sanctions.[2] Because Parker has declined to request a certificate of appealability (COA),

---

[1]Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003).

[2]Although his motion for a finding of civil contempt names Warden Province as

we dismiss this appeal, 28 U.S.C. § 2253(c), and deny his request to proceed *in forma pauperis* (*ifp*).

## I.    BACKGROUND

The events leading to this appeal began when Parker filed his ninth application to the Oklahoma courts for post-conviction relief.  The application concerned the testimony of Glenn Briggs, Parker's accomplice, who testified for the state at Parker's trial.  During direct examination, Briggs told the jury the state agreed to reduce his murder charge to grand larceny in exchange for his testimony.  Years later, at Parker's parole hearing, the state averred it did not make a deal in exchange for Brigg's testimony.  Based on this statement, Parker claimed the prosecutor suborned perjury at his trial by eliciting Briggs' testimony about the nonexistent deal.  *See Parker v. Province*, 339 Fed. Appx. 850, 852 (10th Cir. 2009) (unpublished).  The state district court denied relief concluding Parker had already raised this claim; it imposed sanctions against him pursuant to Okla. Stat. tit. 57 § 566(C).[3]  The OCCA affirmed and the federal district court denied Parker's 28 U.S.C. § 2241 challenge to the imposition of sanctions.[4]

Parker appealed and we reversed the district court's denial of habeas relief,

---

the respondent, the facts relied upon involve only the OCCA.

[3]Okla. Stat. tit. 57 § 566(C) authorizes the state court to impose specific sanctions "[i]f the court determines from the pleadings or the evidence that one or more of the causes of action are frivolous or malicious, . . . after notice to the inmate and an opportunity for the inmate to respond . . . ."  Parker's sanctions included: (1) $3000 to cover costs of attorney's fees and costs, court clerk's costs, and the court's time and expense; (2) the loss of 720 earned credits; and (3) the removal of Mr. Parker's non-essential personal property for nine months.  *Parker*, 339 Fed. Appx. at 852.

[4]Parker did not appeal from the judgment on the merits.

concluding his due process rights were violated. We reasoned his current claim was not and could not have been raised earlier because it was based on recently discovered evidence. *See Parker*, 339 Fed. Appx. at 854-855. Because the state court had failed to determine whether the new claim was frivolous and past frivolous claims, alone, are not sufficient to justify the imposition of sanctions, we remanded the case to the district court to grant habeas relief. *Id*. at 855. Pursuant to our mandate, on remand the district court granted habeas relief and ordered Greg Province, Warden of the Oklahoma facility, "to give no further effect to the sanction order." (R. Vol. I at 114.)

Following the district court's order granting him habeas relief from the sanctions, Parker filed a tenth motion for post-conviction relief reasserting his claim. The state district court denied it on the merits. It concluded the alleged prosecutorial misconduct actually worked to Parker's advantage and, moreover, Briggs testified truthfully at trial.

Parker filed an appeal with the OCCA accompanied by a motion requesting the judges of that court to "recuse themselves from hearing and determining Petitioner's post-conviction appeal . . . ." (R. Vol. I at 135.) He did not pay the filing fee on appeal. The OCCA rejected his appeal pursuant to Okla. Stat. tit. 57 § 566.2(A) (2004) which provides:

> A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under

immediate danger of serious physical injury.[5]

The OCCA determined the official court registry showed Parker had previously filed at least three frivolous appeals and noted its previous 2005 order which barred Parker from submitting subsequent applications for relief in the OCCA due to the frivolous nature of his previous filings.

Because Parker had not paid the filing fee on appeal and had not claimed any danger of serious physical injury, the OCCA struck his appeal for failing to pay the filing fee and returned his materials. Parker then filed a request to submit his appeal stating he was entitled to appeal *ifp* and requiring him to pay filing fees would deny his constitutional rights and render the appeal untimely. This renewed appeal was dismissed as untimely.

Parker next filed a motion for a finding of civil contempt in the federal district court. He alleged he " had only had two prior cases denied as frivolous" -- the third episode being the subject of the federal court's order granting habeas relief from sanctions. (R. Vol. 1 at 118.) He argued the OCCA knowingly violated the federal court's order when it counted the unconstitutional sanctions in refusing his appeal. He asked the court to find the OCCA in contempt and direct the reinstatement of his appeal. The district court denied his motion, concluding (1) the order was not directed to the OCCA; and (2) the OCCA did not rely solely on the state's three-strike rule but also on

---

[5]This statute is similar to 28 U.S.C. § 1915(g) barring civil actions unless the prisoner is under imminent danger of serious physical injury. Unlike § 1915(g), however, the Oklahoma law applies to all actions, including criminal collateral relief.

its 2005 order requiring Parker to request leave from the OCCA before filing an appeal.[6]

Parker filed a notice of appeal and a motion to proceed *ifp*. The district court denied his motion to proceed *ifp* on appeal because Parker had "not demonstrated the existence of a reasoned, nonfrivolous argument in support of an issue to be raised on appeal**."** In addition, the district court certified the appeal was not taken in good faith; Parker appeared to be raising a new issue.[7] *See* 28 U.S.C. § 1915(a)(3). Parker renewed his application to proceed *ifp* on appeal with this Court but notified the Court he will not file an application for a COA because it is unnecessary for him to do so.

## II. DISCUSSION

Absent a COA, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). This rule applies to cases brought by state prisoners under § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). This Court provided Parker a COA application form. In response, he declined to file the application because he is "not appealing a writ of habeas corpus decision, but the denial of [his] motion for a finding of civil contempt filed in the habeas case, post-judgment." (Letter, June 29, 2010.) In making this determination, Parker has refused to comply with

_____

[6]The district court also noted the case record established both the state district court and the OCCA "previously issued numerous orders finding Mr. Parker's filings to be frivolous and imposing sanctions." (R. Vol. I at 141 n.3.)

[7]The question on appeal, as framed by Parker in his request to proceed *ifp*, was whether the [district] court "abused its discretion by not treating appellant's motion for a finding of civil contempt as an amended petition seeking a broadening of the previous decree . . . ." (R. Vol. I at 161-62.)

- 5 -

an essential step in his appeal.

We have held in cases such as this, an appellant must file a COA. *Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007). In *Dulworth,* the appellant also contended he was "not required to obtain a [COA] pursuant to 28 U.S.C. § 2253(c)(1)(A) because he [was] appealing the denial of costs, not the denial of his application for a writ of habeas corpus."[8] *Id*. at 1135. We disagreed, reasoning:

> Congress imposed the COA requirement to screen out appeals that do not raise substantial constitutional questions, thereby conserving appellate judicial resources for use only in substantial cases. Given the focus on uncovering possible constitutional error at the appellate level, it makes no sense to squander those resources by circumventing that screening process for some final orders in habeas cases. Consequently, in our judgment *all appeals* from final orders in habeas cases, *of whatever type*, should be required to meet the COA standard to proceed.

*Id*. at 1136 (emphasis added). Parker correctly describes his current appeal as a post-judgment final order in a habeas case. As such, a COA is necessary for appellate consideration of his claims. Because Parker has specifically refused to request a COA, we decline to construe his appeal as a request for a COA and dismiss this appeal.[9]

---

[8]Unlike Parker, however, Dulworth did request a COA in the event we determined one was required.

[9]Even were we to consider his brief as a request for a COA, Parker must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations and citation omitted). Parker needs no encouragement.

Federal courts have the inherent power to enforce constitutional judgments. *Madej v. Briley*, 370 F.3d 665, 666 (7th Cir. 2004) ("No state court can countermand an order, issued by a federal court, implementing the Constitution of the United States").

We also deny Parker's motion to proceed *ifp* on appeal. To proceed *ifp* on appeal, Parker "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have reviewed Parker's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. His arguments deliberately misapprehend settled law and the record. Parker is well aware that the imposition of sanctions does not always accompany a determination that a lawsuit or an appeal is frivolous, yet his entire claim and appeal rest on that premise. In fact, Parker's claim that the sanctions we reversed in his habeas appeal are only his third instance of being sanctioned is not true. "Previous sanctions included filing restrictions imposed in 1999 . . . a monetary sanction . . . in 2001 and a second monetary sanction in 2005." (R. at 88 n.1.) In short, Parker has not presented reasoned, non-frivolous arguments in support of the issues raised on appeal. We remind him of his obligation to pay the filing and docket fees in full.

Finally, we provide Parker a warning. His abuse of the judicial system has been noted not only by the Oklahoma courts, but by the United States Supreme court as well. *See Parker v. Oklahoma*, 540 U.S. 978 (2003) ("As petitioner has repeatedly abused this

---

But Parker cites no authority giving federal courts the authority to hold a state appellate court in contempt and our research reveals none. Moreover, the OCCA's order is clearly appropriate and is not contrary to the federal district court's order awarding habeas relief. Parker claims there are but two instances where he has been sanctioned, but the statute says nothing about previous sanctions being necessary. Parker has had numerous filings dismissed "on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted." Okla. Stat. tit. 57 § 566.2(A).

Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.") Parker has 'two strikes' by this Court under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). *See Parker v. Gosmanova*, No. 10-6044, 2010 WL 1971916, at *2 (10th Cir. May 18, 2010). While a strike ordinarily will not be applied to § 2241 petitions unless they challenge the conditions of imprisonment, *Jennings v. Natrona County Det. Ctr. Med. Fac.*, 175 F.3d 775, 780-81 (10th Cir.1999), Parker is cautioned to refrain from further filings pursuant to § 2241 which are patently without merit. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 35 (10th Cir. 1989) (citation omitted). This Court has the authority to place appropriate restrictions on Parker's access to the court when his filings are repetitious, frivolous or false.

## III.    CONCLUSION

This appeal is DISMISSED and the request to proceed *ifp* is DENIED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 8 -